250

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ABDOLAZIZ GILMORE BEY, a/k/a GILMORE ABDULAZIA IBA SUAD BEY, a/k/a TIMOTHY BEY, a/k/a EDDIE WILLIAM, a/k/a JAMES SMITH, a/k/a ABDUL BEY, a/k/a EDDIE BEY, a/k/a GILMORE AZIZ, a/k/a IBUSUAD BEY, a/k/a ABDUL G. BEY, Defendant-Appellant.

(No. 54688; ⬛⬛⬛⬛⬛

First District—May 28, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Susan M. Kohut and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

*OFFENSE CHARGED*

Burglary. Ill. Rev. Stat. 1967, ch. 38, sec. 19—1.

*JUDGMENT*

Defendant pleaded guilty and was sentenced to a term of one to three years.

*CONTENTIONS RAISED ON APPEAL*

1. The court erred in denying defendant's motion for substitution of judges.

2. Defendant was not properly admonished as to his rights on entering his plea of guilty.

*OPINION*

Defendant made a motion for substitution of judges on the ground that the trial judge had just convicted his brother in another case. The court denied the motion, explaining that its presentation was not timely, since the selection of the jury in defendant's case had already begun and, at defendant's request, the court had previously conducted a conference on the matter, at which time certain material evidence had been put before the court to ascertain its views. Defendant's attorney also informed the court that, at the time defendant had requested the conference, defendant had been advised that, by having a conference, he would be precluded from seeking a substitution of judges.

The record indicates that the selection of the jury had, in fact, begun before defendant made his motion for a substitution of judges. In *People v. Scott*, 63 Ill.App.2d 232, 243, the court, considering the timeliness of a motion for a change of venue, held that the trial had commenced when the jury was called for examination, and the motion, having been made thereafter, had come too late.

■■ The motion in the instant case was also too late because it was made after the judge had indicated his view of certain matters in a conference held at defendant's request. As stated in *Stickler v. McCarthy*, 64 Ill.App.2d 1, 19-20, a party cannot "probate the attitude of a court" on issues in the case and, finding it adverse, then seek a change of venue.

Defendant's second contention is that he was not properly admonished as to the rights he was relinquishing by pleading guilty. After the denial of defendant's motion for substitution, defendant himself brought up the subject that he was on probation for a prior robbery conviction, and then the following exchange took place:

"DEFENDANT: I'll take what you offered me.

THE COURT: You want to take what your lawyer said he thought he could get for you at the conference?

DEFENDANT: Yes, sir.

* * *

THE COURT: All right, put this on the record. He wants to withdraw his plea of not guilty heretofore made to the Indictment and enter a plea of guilty.

DEFENSE COUNSEL: You understand you are pleading guilty to the charge, do you want to do this?

DEFENDANT: Yes, sir.

DEFENSE COUNSEL: You are certain?

DEFENDANT: Yes, sir.

THE COURT: Now why are you pleading guilty, because you are guilty, is that right? Are you guilty?

DEFENDANT: Yes, sir.

THE COURT: All right, then. Now let the record show that the court is admonishing this man: When you plead guilty you automatically do away with your right to have your case tried by the jury like we are selecting out there now or in the absence of the jury to have it tried by the judge, now knowing that do you want to plead guilty? You don't have a chance to have the jury once you plead guilty, you understand that?

DEFENDANT: Yes, your Honor.

THE COURT: All right, you don't have a right to have it tried by a judge if you plead guilty.

Now the judge may give you from one to any number of years— isn't that right on burglary?

STATE'S ATTORNEY: One to any number, Judge.

THE COURT: Knowing that you insist on your plea, is that right?

DEFENDANT: Yes, sir."

■■ The brief filed on behalf of defendant has characterized these proceedings as a "rush to tuck the defendant away on a plea," and criticizes the judge as one who "couldn't spare the time to comply with any standards of fairness endorsed by law." We believe this charge to be unsupported by the record and wholly unwarranted. In our opinion, the circumstances disclosed by the record as a whole indicate that this defendant understood the nature of the burglary charge against him and the consequences of a guilty plea which he knowingly made. *People v. Mace,* 79 Ill.App.2d 422, 426-427.

The judgment is affirmed.

Judgment affirmed.

DRUCKER and LORENZ, JJ., concur.